JUDGE STANTON

Philip H. Gottfried
Marc J. Jason
Richard S. Mandaro
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, New York 10016
(212) 336-8000

Attorneys for Plaintiff
Klauber Brothers, Inc.



15 CV 00874



RECEIVED
FEB 05 2015
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - -x

KLAUBER BROTHERS, INC.,

      Plaintiff

  v.

AMERICLO COUTURE INC. d/b/a
I.C. LONDON and d/b/a ALISSA CAGGIANO;
JEFFERY LUO; and MICHAEL KIN SOON
LEONG

      Defendants.

- - - - - - - - - - - - - - - - - - - -x

Civil Action No. 15-CV-_____ (__)

**COMPLAINT**

**Trial By Jury Demanded**

Plaintiff Klauber Brothers, Inc. ("Plaintiff" or "Klauber") through its attorneys, complaining of Americlo Couture Inc. d/b/a I.C. London and d/b/a Alissa Caggiano ("Americlo"); Jeffrey Luo ("Luo"); and Michael Kin Soon Leong ("Leong"), alleges as follows.

596438.1

## COUNT NO. I

### JURISDICTION AND VENUE

1. This Count of this Complaint arises under the U.S. Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. Jurisdiction is vested in this Court under 28 U.S.C. §§ 1331 and 1338 (a).

2. Venue for this Count of this Complaint is proper in this district under 28 U.S.C. §§ 1391 and 1400(a) in that, upon information and belief, a substantial part of the events giving rise to the claim asserted, occurred in this district, and for the further reason that all of the parties hereto are subject to the Court's personal jurisdiction in this district.

### THE PARTIES

3. Klauber is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business at 980 Avenue of the Americas, New York, New York 10018.

4. Americlo is, upon information and belief, a corporation organized and existing under the laws of the State of New York, having a principal office at 6 Manor Drive, Great Neck, New York 11020 and facilities at 43-31 33rd Street, Long Island City, New York 11101 and 5602 Roosevelt Avenue, Woodside, New York 11377 and is doing business both as I.C. London and Alissa Caggiano.

5. Defendant Jeffrey Luo is, upon information and belief, a resident of the State of New York, having a place of business at 6 Manor Drive, Great Neck, New York 11020 and facilities at 43-31 33rd Street, Long Island City, New York 11101 and

596438.1

- 2 -

5602 Roosevelt Avenue, Woodside, New York 11377 and is at least one of the conscious, active and dominant forces behind the wrongful activities of the corporate defendant alleged herein, in addition to being personally responsible for the wrongful activities complained of herein.

6. Defendant Michael Kin Soon Leong is, upon information and belief, a resident of the State of New York, having a place of business at 6 Manor Drive, Great Neck, New York 11020 and facilities at 43-31 33rd Street, Long Island City, New York 11101 and 5602 Roosevelt Avenue, Woodside, New York 11377 and is at least one of the conscious, active and dominant forces behind the wrongful activities of the corporate defendant alleged herein, in addition to being personally responsible for the wrongful activities complained of herein. Americlo, Luo and Leong are hereinafter collectively referred to as "Defendants" and Luo and Leong are hereinafter referred to as the "Individual Defendants."

## FACTS

7. Klauber is, and since 1859 itself or through a predecessor-in-interest, has been engaged in the design, manufacture and sale of knit lace fabrics of original and distinctive design and has, over the past decades, earned a well deserved and enviable reputation in the trade for providing unique and original lace fabric designs of high quality. Klauber sells its lace fabric designs within this judicial district, throughout the United States of America and throughout the world.

8. In or about 2001, an original design was created in lace fabric by a regular employee of Klauber, which Klauber designates as design number 1065.

9. Said 1065 fabric design contains material which is wholly original and is copyrightable subject matter under the laws of the United States of America.

10. On or about January 14, 2002, Klauber's 1065 fabric design was published.

11. Since the publication date of the 1065 fabric design, all of the provisions of Title 17 of the United States Code, and all of the laws governing copyright have been duly complied with by Klauber which applied to register the claim to copyright therein, and a Certificate of Copyright Registration has been duly received by Klauber from The Register of Copyrights pertaining to said fabric design No. 1065.

12. Klauber is the sole proprietor of all right, title and interest in and to the copyright in said fabric design No. 1065.

13. A copy of portion of said fabric design No. 1065 is annexed hereto and identified as "Complaint Exhibit A."

14. A copy of the Copyright Registration Certificate obtained by Klauber for said fabric design No. 1065 is annexed hereto and identified as "Complaint Exhibit B."

15. Subsequent to the publication by Klauber of its pattern No. 1065, the Defendants infringed Klauber's copyright in such fabric design by importing, reproducing, displaying, knitting, manufacturing, weaving, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising, a copy of said fabric

design or by causing and/or participating in such importing, reproducing, displaying, knitting, manufacturing, weaving, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising thereof, all in violation of the rights of Klauber under Section 106 of the Copyright Law, title 17 of the United States Code.

16. A copy of at least part of one of such infringements recently purchased in this judicial district is annexed hereto and identified as "Complaint Exhibit C."

17. A copy of a comparison of Klauber's copyrighted design of Exhibit A and of Defendants' one such infringing design of Exhibit C, is annexed hereto and identified as "Complaint Exhibit D."

18. Klauber had confined supply of its copyrighted 1065 Pattern (and of its Pattern No. 1787, which is the subject of Count II of this Complaint below) to Hanky Panky Ltd. ("Hanky Panky") which, for decades has been world famous for manufacturing and selling in the United States of America and throughout the world, women's underwear, lingerie, sleepwear and other related products. All of Hanky Panky's products, and in particular its ladies' underwear products, are constructed so as to be extremely comfortable when worn, durable, and not only fashion forward, but constructed in a manner that they are unique in the industry. Over the years, Hanky Panky has earned a well-deserved and excellent reputation in the United States of America and throughout the world with respect to the undergarments which it manufactures and sells.

596438.1

- 5 -

19. All of the Defendants' infringing acts as set forth herein were performed without the permission, license or consent of Klauber or of Hanky Panky and, upon information and belief, comprise willful infringement, particularly since the Individual Defendants were previously employed by Hanky Panky and obtained knowledge of Klauber's rights in such fabric pattern and of Hanky Panky's exclusive arrangement with Klauber with respect thereto and further, because a corporate predecessor of Americlo was specifically, and in detail, notified of Klauber's rights in and to the 1065 and 7087 Patterns, but the Defendants continued to willfully infringe despite such knowledge and notice.

20. Klauber has been damaged by the acts of Defendants alleged in this Count of this Complaint in an amount not as yet known, but believed to be in excess of one million dollars. The activities of Defendants as alleged herein are further and continuously damaging Klauber in a manner with respect to which Klauber has no adequate remedy at law.

## COUNT NO. II

### JURISDICTION, VENUE AND THE PARTIES

21. Klauber repeats and realleges the allegations in paragraphs 1 through 19 hereof, as if set forth fully herein in their entirety.

### FACTS

22. In or about 1991, designs in lace were created by a regular employee of Klauber, which Klauber designates as design number 7087; 7088; and 7089.

23. Said lace fabric designs each contain material which is wholly original and is copyrightable subject matter under the laws of the United States of America.

24. In 1991, Klauber's 7087; 7088; and 7089 lace fabric designs were published.

25. Since the publication date of the 7087; 7088; and 7089 lace fabric designs, all of the provisions of Title 17 of the United States Code, and all of the laws governing copyright have been duly complied with by Klauber which applied to register the claims to copyright in the 7088 and 7089 lace fabric designs, and Certificates of Copyright Registration have been duly received by Klauber from the Register of Copyrights pertaining to said pattern Nos. 7088 and 7089. Said Certificates of Registration have been supplemented. Lace fabric design No. 7087 is a derivative work with respect to the 7088 lace fabric and is protected by the certificate of copyright registration on 7088.

26. Klauber is, and for all times relevant hereto has been, the sole proprietor of all right, title and interest in and to the copyright in said lace fabric design Nos. 7087; 7088; and 7089.

27. A photostatic copy of a portion of said lace fabric design Nos. 7087; 7088; and 7089 are annexed hereto and identified as "Complaint Exhibits E, F and G."

28. A photostatic copy of the Copyright Registration Certificate obtained by Klauber for the lace fabric design No. 7088 is annexed hereto and identified as "Complaint Exhibit H" and a photostatic copy of the supplementation of the Copyright Registration Certificate for the lace fabric design No. 7089 is annexed hereto and is identified as "Complaint Exhibit I."

596438.1

29. On April 27, 2012, Klauber, through the efforts of the undersigned, filed an application to register the claim to copyright in its lace fabric design No. 7087. A copy of that application and accompanying lace fabric representations are annexed hereto and collectively identified as "Complaint Exhibit J." On Friday, May 11, 2012, Registration Specialist Wilber King of the Visual Arts Division of the U.S. Copyright Office advised the undersigned that he had compared lace fabric design Nos. 7087 and 7088 and that he couldn't tell the difference. He further stated that the Copyright Office does not register changes in size or format of a previously-registered work. He requested that Klauber's attorneys "point out the specific differences between the two [works because he] just can't see any." A copy of Mr. King's e-mail to Klauber's undersigned attorney that filed the application of Exhibit J is annexed hereto and identified as "Complaint Exhibit K." The response of Klauber's attorney to Mr. King is annexed hereto and identified as "Complaint Exhibit L." By a letter of May 15, 2012, the U.S. Copyright Office formally refused registration of the claim to copyright of Klauber's lace fabric design No. 7087 on the grounds that nothing is contained therein "that was not already registered via the 'Pattern 7088'." A copy of that May 15, 2012 refusal of registration is annexed hereto and identified as "Complaint Exhibit M."

30. Subsequent to the publication by Klauber of its lace fabric design Nos. 7087; 7088; and 7089, and subsequent to the knowledge by the Individual Defendants and by the predecessor of the corporate defendant of Klauber's rights in and to fabric design numbers 7087; 7088; and 7089, Defendants infringed Klauber's copyrights in such fabric designs by importing, reproducing, displaying, knitting, manufacturing, weaving, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising, copies of such lace fabric designs or by causing and/or participating in such importing, reproducing, displaying, knitting, manufacturing,

weaving, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising thereof, all in violation of the rights of Klauber under Section 106 of the Copyright Law, title 17 of the United States Code. Photostatic copies of parts of several infringements of such lace fabric design No. 7087 which one or more of the Defendants either manufactured or had manufactured for them and sold, are annexed hereto and are identified as "Complaint Exhibits N, O, and P." A photostatic copy of both Klauber's lace fabric design No. 7087 and one of Defendants' infringements thereof is annexed hereto and is identified as "Complaint Exhibit Q." It should be noted that the infringement of Defendants annexed hereto and identified as "Complaint Exhibit P," in addition to and including an infringement of Klauber's Design No. 7087, also includes an infringement of Klauber's Design No. 1065, which is the subject of Count I and "Complaint Exhibits A, B, C and D."

31. Klauber has been damaged by the acts of Defendants alleged in this Count of this Complaint in an amount not as yet known, but believed to be in excess of one million dollars. The activities of Defendants as alleged herein are further and continuously damaging Klauber in a manner with respect to which Klauber has no adequate remedy at law.

WHEREFORE, Plaintiff Klauber demands:

A. A preliminary and permanent injunction restraining, enjoining and prohibiting Defendants and their officers, servants, agents, employees, attorneys and representatives, and each of them, and those persons in active concert or participation with it or them from infringing the copyrights of Plaintiff Klauber including as evidenced by certificate of

copyright registration numbers VA 1-626-237; VA 479 838; VA 1-431-512, including, but not limited to, preventing them from importing, reproducing, displaying, knitting, manufacturing, weaving, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising copies or infringements of such lace fabric designs or by causing and/or participating in such importing, reproducing, displaying, knitting, manufacturing, weaving, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising by others.

B. That Defendants be required to recall from all recipients thereof and deliver to Plaintiff Klauber for destruction, all copies or infringements of Plaintiff Klauber's copyrighted lace fabric designs used for infringement of the copyrights therein, as well as all molds, stencils, plates, or other materials for making such infringing matter in the possession or under the control of Defendants or any of their agents, servants, employees, attorneys or other persons in privity with it or them.

C. That Defendants be required to pay to Plaintiff Klauber such damages as Plaintiff Klauber has sustained in consequence of the infringement by Defendants of Plaintiff Klauber's copyrighted fabric designs and to account for all gains, profits and advantages relative to such infringements to be allowed Plaintiff Klauber by the Court or, in the alternative at its election, to award Klauber statutory damages.

D. That Defendants be required to pay Plaintiff Klauber's attorneys' fees and costs in this action.

E. That Plaintiff Klauber have such other and further relief as this Court may deem just and appropriate.

### Jury Demand

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

Philip H. Gottfried
Marc J. Jason
Richard S. Mandaro
AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, New York  10016
Telephone No.: (212) 336-8000

Attorneys for Plaintiff,
Klauber Brothers, Inc.

Dated: February 5, 2015

By: _____
Philip H. Gottfried